

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAN KAUFMAN and ELLIOT GRUBMAN, on behalf of themselves and all others similarly situated,

    Plaintiffs,

against

FAIRWAY OPERATING CORP., FAIRWAY CENTRAL SERVICES CORP., FAIRWAY GROUP HOLDINGS CORP., FAIRWAY GROUP CENTRAL SERVICES LLC, FAIRWAY UPTOWN LLC, FAIRWAY BROADWAY LLC, FAIRWAY RED HOOK LLC, FAIRWAY BROOKLYN, LLC, FAIRWAY GROUP PLAINVIEW LLC, FAIRWAY PLAINVIEW, LLC, FAIRWAY GROUP ACQUISITION COMPANY,

    Defendants.

COMPLAINT

___ CV ___

Class Action

Jury Demanded

Come now Plaintiffs JAN KAUFMAN and ELLIOT GRUBMAN, on behalf of themselves and all others similarly situated, and allege as follows:

## INTRODUCTION

1.    Plaintiffs are bringing this action against Fairway Markets for violating the 2003 "FACTA" amendments to the Fair Credit Reporting Act. Congress enacted the Fair and Accurate Credit Transactions Act to help prevent identity theft, and credit and debit card fraud. Specifically, Congress prohibited businesses from printing more than the last five digits of credit or debit card numbers or the expiration date upon any receipt provided to the cardholder. Despite having had several years to comply with the law, Defendants have willfully violated the FACTA amendments with respect to thousands of customers by printing out more than the last five digits or the expiration dates of consumers' credit card or debit card on thousands of

1

receipts. By leaving these key pieces of information on the receipts, Defendants have opened Plaintiffs – and thousands of other consumers – up to identity theft. Therefore, Defendants are liable to Plaintiffs and the proposed class of similarly situated customers under the Fair Credit Reporting Act (hereinafter "FCRA").

## THE PARTIES

2. Plaintiff JAN KAUFMAN is an individual who resides in New York, New York.

3. Kaufman is a "consumer" as defined by § 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

4. Plaintiff ELLIOT GRUBMAN is an individual who resides in Brooklyn, New York.

5. Grubman is a "consumer" as defined by § 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

6. Under Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiffs seek to represent a nationwide class of consumers.

7. Defendant FAIRWAY OPERATING CORP. is a New York Corporation which has its principal executive office located at 2127 Broadway, New York, New York 10023 and which has designated 2284 12th Avenue, New York, New York 10027 as the address to which the New York State Secretary of State ("the Secretary") should mail any process meant for FAIRWAY OPERATING CORP. and served on the Secretary.

8. Defendant FAIRWAY CENTRAL SERVICES CORP. is a New York corporation with its principal place of business located at 2284 12th Avenue, New York, New York 10027.

9. Defendant FAIRWAY GROUP HOLDINGS CORP. is a Delaware corporation with its principal place of business located at 2284 12th Avenue, New York, New York 10027.

10. Defendant FAIRWAY GROUP CENTRAL SERVICES LLC is a Delaware limited liability company with its principal place of business located at 2284 12th Avenue, New York, New York 10027.

11. Defendant FAIRWAY UPTOWN LLC is a Delaware limited liability company with principal place of business located at 2284 12th Avenue, New York, New York 10027.

12. Defendant FAIRWAY BROADWAY LLC is a Delaware limited liability company with principal place of business located at 2284 12th Avenue, New York, New York 10027.

13. Defendant FAIRWAY RED HOOK LLC is a Delaware limited liability company with principal place of business located at 2284 12th Avenue, New York, New York 10027.

14. Defendant FAIRWAY BROOKLYN LLC is a New York limited liability company with principal place of business located at 2284 12th Avenue, New York, New York 10027.

15. Defendant FAIRWAY GROUP PLAINVIEW LLC is a Delaware limited liability company with its principal place of business located at 2284 12th Avenue, New York, New York 10027.

16. Defendant FAIRWAY PLAINVIEW, LLC is a New York limited liability company with its principal place of business located at 50 Manetto Road, Plainview, New York 11803.

17. Defendant FAIRWAY GROUP ACQUISITION COMPANY is a Delaware corporation with its principal place of business located at 2284 12th Avenue, New York, New York 10027.

18.   All of the above named the Defendants are hereinafter referred to collectively as "the Defendants" or "FAIRWAY."

19.   Upon information and belief, at all relevant times each defendant was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below.

20.   Upon information and belief, each defendant acted under and within the scope of the relationships alleged above, each defendant knew or would have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of the other defendants.

## STATUTORY BACKGROUND

21.   In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs . . . With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

22.   A main provision of FACTA (codified as 15 U.S.C. § 1681c(g)) of the Fair Credit Reporting Act) provides that:

"No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

15 U.S.C. § 1681c(g)(1).

23. With respect to machines that print receipts that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 4, 2004.

24. With respect to machines that print receipts that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 168Ic(g)(1) on or after December 4, 2006.

## JURISDICTION AND VENUE

25. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §§1681p.

26. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) in that this is the judicial district in which at least one of the Defendants resides and all of the Defendants reside and have their primary places of business in the State of New York and in this district.

27. Venue is also proper under 28 U.S.C. § 1391(b) because the Defendants conduct business throughout this district and have violated the law in this district in the manner alleged in this Complaint, and because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## FACTS

28. The Defendants transact business in the United States and accept credit cards and debit cards in the course of transacting business with persons like Plaintiffs. In transacting

business, the Defendants use cash registers and other machines or devices that electronically print receipts for credit card and debit card transactions.

29. On the following dates, the Defendants provided Plaintiff Kaufman with an electronically printed receipt, at the point of a sale or transaction, on which the Defendants printed the expiration date of Kaufman's credit card: March 4, 2007, twice on March 18, 2007, March 22, 2007, March 25, 2007, March 29, 2007, May 14, 2007, May 15, 2007, May 18, 2007, May 30, 2007, June 29, 2007, July 2, 2007.

30. On the following dates, the Defendants provided Plaintiff Grubman with an electronically printed receipt, at the point of a sale or transaction, on which the Defendants printed the expiration date of Grubman's credit card: July 13, 2007.

31. Upon information and belief, all of the Fairway Market locations, which are located in Manhattan, Brooklyn, and Nassau County, are "person[s] that accept[] credit cards or debit cards for the transaction of business" under FCRA and under the definition of "person" set forth in FCRA.

32. Upon information and belief, all of the Fairway Market locations – not just the three locations at which Plaintiffs primarily shop – use the same or similar computer systems and print receipts bearing credit and debit card expiration dates in violation of FCRA.

33. Upon information and belief, the Defendants and each of them knew of, or should have known of, and were informed about FACTA, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief. VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, Mastercard, Discovery, American Express and JCB), companies that sell cash register and other

devices for the processing of credit or debit card payments and other entities informed the Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and the Defendants' need to comply with same.

34.　　In addition, upon information and belief, VISA, MasterCard, and many other companies devised and implemented policies well before the operative date of FACTA's requirements, wherein companies like VISA and MasterCard and others required the Defendants (and informed the Defendants of the FACTA requirements) to truncate credit card and debit card numbers and prevent the printing of expiration dates on receipts. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publicly announced VISA USA's new truncation policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained as follows:

> "Today I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. This is an added security measure for consumers that doesn't require any action by the cardholder. We are proud to be the first payments brand to announce such move to protect cardholders' identities by restricting access to their account information on receipts.
>
> The first phase of this new policy goes into effect July 1, 2003 for all new terminals. I would like to add, however, that even before this policy goes into effect, many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began several years ago.
>
> Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, social security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access"

35. Many of the Defendants' business peers and competitors readily brought their credit and debit card receipt printing process in compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number or the expiration date upon the receipts provided to the cardholders. The Defendants could have readily done the same.

36. Upon information and belief, despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, the Defendants and each of them willfully violated and continue to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number or the expiration date upon receipts with persons with whom the Defendants transact business.

## CLASS ALLEGATIONS

37. Plaintiffs bring this class action on behalf of themselves and all others similarly situated under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

38. Plaintiffs seek to represents two classes of persons to be defined as follows:

**CLASS A**: All persons in the United States to whom, on or after January 1, 2005, the Defendants provided, through use of a machine that was first put into use by the Defendants on or after January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which the Defendants printed more than the last five digits of the person's credit card or debit card number or printed the expiration date of the person's credit or debit card.

**CLASS B**: All persons in the United States to whom, on or after December 4, 2006, the Defendants provided, through use of a machine that was being used by the Defendants before January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which the Defendants printed more than the last five digits of the person's credit card or debit card number or printed the expiration date of the person's credit or debit card.

39. Numerosity: Each of the classes described above in paragraph 39 are so numerous that joinder of all individual members in one action would be impracticable. The disposition oaf the individual claims of the respective class members through this class action will benefit both the parties and this Court.

40. Upon information and belief, there are, at minimum, thousands of members of each of the respective classes described above.

41. The exact size of CLASS A and CLASS B and the identities of the individual members thereof are ascertainable through the Defendants' records, including but not limited to the Defendants' sales and transaction records.

42. Members of CLASS A and CLASS B may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, email notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary or appropriate by the Court.

43. Typicality: Plaintiffs' claims are typical of the claims of the members of CLASS A and CLASS B. The claims of the Plaintiffs and members of CLASS A and CLASS B are based on the same legal theories and arise from the same unlawful and willful conduct.

44. Plaintiffs and members of CLASS A and CLASS B were each customers of the Defendants, each having made a purchase or transacted other business with the Defendants at an applicable time on or after December 4, 2004 using a credit card or debit card. At the point of sale or transaction with Plaintiffs and members of CLASS A and CLASS B, the Defendants provided to Plaintiffs and each member of CLASS A and CLASS B a receipt in violation of 15 U.S.C. § 1681c(g).

45. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the members of CLASS A and CLASS B.

46. The questions of fact and law common to CLASS A and CLASS B predominate over questions which may affect individual members and include the following:

(a) Whether the Defendants' conduct of providing Plaintiffs and the members of CLASS A and CLASS B with a sales or transaction receipt whereon the Defendants printed more than the last five digits of the credit card or debit card or the expiration date of the credit card violated the FACTA, 15 U.S.C. § 1681c(g);

(b) Whether the Defendants' conduct was willful;

(c) Whether Plaintiffs and members of CLASS A and CLASS B are entitled to statutory damages, punitive damages, costs, and attorneys' fees for the Defendants' acts and conduct;

(d) Whether Plaintiffs and members of CLASS A and CLASS B are entitled to a permanent injunction enjoining the Defendants from continuing to engage in their unlawful conduct.

47. <u>Adequacy of Representation</u>: Plaintiffs are adequate representatives of CLASS A and CLASS B because their interests do not conflict with the interests of the members of CLASS

A or CLASS B, the classes which Plaintiffs seeks to represent. Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of CLASS A and CLASS B and have no interests antagonistic to the members of CLASS A or CLASS B. Plaintiffs have retained counsel who are competent and experienced in the prosecution of class action litigation and litigation in the federal courts.

48.     <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of CLASS A and CLASS B. While the aggregate damages which may be awarded to the members of CLASS A and CLASS B are likely to be substantial, the damages suffered by individual members of CLASS A and CLASS B are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of CLASS A and CLASS B to individually seek redress for the wrongs done to them. Plaintiffs do not know of any other litigation concerning this controversy already commenced by or against any member of CLASS A or CLASS B. The likelihood of the individual members of CLASS and CLASS B prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of CLASS A and CLASS B. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

49. Injunctive Relief: the Defendants have acted on grounds generally applicable to the members of CLASS A and CLASS B, thereby making appropriate final injunctive relief with respect to the CLASS A and CLASS B as a whole.

## FIRST CAUSE OF ACTION

50. Plaintiffs incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

51. During the relevant time periods, FAIRWAY repeatedly and systematically printed prohibited information – i.e., more than the last five digits or the expiration date of a consumer's credit card or debit card – on receipts it provided at the point of sale or transaction to consumers, including Plaintiffs and the Class Members, in violation of 15 U.S.C. § 1681c(g).

52. Upon information and belief, FAIRWAY's conduct was done in accordance with FAIRWAY's policies, routine practices, procedures and customs for electronically printing receipts.

53. Upon information and belief, FAIRWAY recklessly disregarded that its use of cash registers that did not comply with the law, and that its printing of prohibited information on customers' receipts was in contravention of Plaintiffs' and the Class Members' rights. Therefore, FAIRWAY's violations of FCRA, as alleged by Plaintiffs' on behalf of themselves and Class Members, were "willful" for purposes of FCRA.

54. Because of FAIRWAY's willful violations of § 1681c(g), Plaintiff and each of the Class Members are entitled to monetary relief under 15 U.S.C. § 1681n of not less than $100 and not more than $1,000 for each violation by FAIRWAY.

55. Plaintiffs seek, on behalf of themselves and CLASS A and CLASS B, under 15 U.S.C. § 1681n(a), statutory damages, punitive damages, costs and attorneys fees against all of

the Defendants and each of them for violations by the Defendants of 15 U.S.C. § 1681c(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of CLASS A and CLASS B, pray for:

1. An order certifying CLASS A and CLASS B and appointing Plaintiffs as the representative of CLASS A and CLASS B and appointing the law firms representing Plaintiffs as counsel for CLASS A and CLASS B;

2. An award to Plaintiffs and the members of CLASS A and CLASS B of statutory damages under 15 U.S.C. § 1681n(a)(1)(A) for the Defendants' willful violations;

3. An award to Plaintiffs and the members of CLASS A and CLASS B of punitive damages under 15 U.S.C. § 1681n(a)(2);

4. Payment of costs of suit herein incurred under, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5. Payment of reasonable attorneys' fees under, *inter alia*, 15 U.S.C. § 1681n(a)(3);

6. A permanent injunction enjoining the Defendants and each of them from engaging in their unlawful violations of FACTA; and

7. For other and further relieve as the Court may deem just and proper.

## *Demand for Jury Trial*

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: New York, New York
August 23, 2007

Respectfully submitted,

Petroff & Bellin, LLP

By: *[signature]*
Aytan Y. Bellin
One of Plaintiffs' Attorneys

<u>Attorneys for Plaintiffs</u>
Aytan Y. Bellin (AB: 0123)
Petroff & Bellin, LLP
60 East 42nd Street, Suite 1026
New York, New York 10165
Tel: (212) 962-2400

Brian L. Bromberg (BB: 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Tel: (212) 248-7906

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAN KAUFMAN and ELLIOT GRUBMAN, on behalf of themselves and all others similarly situated,

    Plaintiffs,

    against

FAIRWAY OPERATING CORP., FAIRWAY CENTRAL SERVICES CORP., FAIRWAY GROUP HOLDINGS CORP., FAIRWAY GROUP CENTRAL SERVICES LLC, FAIRWAY UPTOWN LLC, FAIRWAY BROADWAY LLC, FAIRWAY RED HOOK LLC, FAIRWAY BROOKLYN, LLC, FAIRWAY GROUP PLAINVIEW LLC, FAIRWAY PLAINVIEW, LLC, FAIRWAY GROUP ACQUISITION COMPANY,

    Defendants.

COMPLAINT

____ CV ____

Class Action

Jury Demanded

PETROFF & BELLI, LLP
Attorneys for Plaintiffs
60 East 42nd Street, Suite 1026
New York, New York 10165
(212) 962-2400

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated: ........................................