HUGHES HUBBARD & REED LLP
Jeff H. Galloway
Amera Z. Chowhan
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN KAUFMAN and ELLIOT GRUBMAN, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>-against-<br><br>FAIRWAY OPERATING CORP., FAIRWAY CENTRAL SERVICES CORP., FAIRWAY GROUP HOLDINGS CORP., FAIRWAY GROUP CENTRAL SERVICES LLC, FAIRWAY UPTOWN LLC, FAIRWAY BROADWAY LLC, FAIRWAY RED HOOK LLC, FAIRWAY BROOKLYN, LLC, FAIRWAY GROUP PLAINVIEW LLC, FAIRWAY PLAINVIEW, LLC, FAIRWAY GROUP ACQUISITION COMPANY,<br><br>         Defendants. | 07 Civ. 7525 (BSJ)<br><br>**ANSWER** |

   Defendants Fairway Operating Corp., Fairway Central Services Corp., Fairway Group Holdings Corp., Fairway Group Central Services LLC, Fairway Uptown LLC, Fairway Broadway LLC, Fairway Red Hook LLC, Fairway Brooklyn, LLC, Fairway Group Plainview LLC, Fairway Plainview, LLC, and Fairway Group Acquisition Company ("Defendants"), through counsel, hereby answer the Complaint, paragraph by paragraph, as follows:

## INTRODUCTION

1. Defendants admit that plaintiffs Jan Kaufman and Elliot Grubman ("Plaintiffs") purport to bring an action against Defendants for allegedly violating the Fair and Accurate Credit Transactions Act. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 1 of the Complaint that do not relate to Defendants, and on that basis denies such allegations. Defendants deny the remaining allegations contained in paragraph 1 of the Complaint, except to the extent that the allegations constitute legal conclusions, as to which no answer is required.

## THE PARTIES

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and on that basis denies such allegations.

3. Paragraph 3 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent that this paragraph alleges facts, Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies such allegations.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and on that basis denies such allegations.

5. Paragraph 5 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent that this paragraph alleges facts, Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies such allegations.

6. Paragraph 6 of the Complaint alleges legal conclusions, as to which no answer is required. Defendants deny that this action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

7. Defendants admit that Fairway Operating Corp. was at one time a New York corporation with its principal executive office located at 2127 Broadway, New York, New York 10023 and which has designated 2284 12th Avenue, New York, New York 10027 as the address to which the New York Secretary of State should mail any process meant for Fairway Operating Corp., but Defendants further state that Fairway Operating Corp. is no longer an active corporation. Defendants otherwise deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit that Fairway Central Services Corp. was at one time a New York corporation with its principal place of business located at 2284 12th Avenue, New York, New York 10027, but Defendants further state that Fairway Central Services Corp. is no longer an active corporation. Defendants otherwise deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit that Fairway Brooklyn, LLC was at one time a New York limited liability company with its principal place of business located at 2284 12th Avenue, New York, New York 10027, but Defendants further state that Fairway Brooklyn, LLC. is no longer an active corporation. Defendants otherwise deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that Fairway Plainview, LLC was at one time a New York limited liability company with its principal place of business located at 2284 12th Avenue, New York, New York 10027, but Defendants further state that Fairway Plainview, LLC. is no longer

an active corporation. Defendants otherwise deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains no allegations of fact, but merely defines the terms "the Defendants" and "FAIRWAY," as those terms are used in the Complaint. To the extent that facts are alleged, Defendants deny knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies such allegations.

19. Paragraph 19 of the Complaint is unintelligible, and therefore Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

20. Paragraph 20 of the Complaint is unintelligible, and therefore Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

## STATUTORY BACKGROUND

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

22. Paragraph 22 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Defendants are alleged in paragraph 22, Defendants deny such allegations.

23. Paragraph 23 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Defendants are alleged in paragraph 23, Defendants deny such allegations.

24.     Paragraph 24 of the Complaint alleges legal conclusions, as to which no answer is required.  To the extent facts pertaining to Defendants are alleged in paragraph 24, Defendants deny such allegations.

### JURISDICTION AND VENUE

25.     Paragraph 25 of the Complaint alleges legal conclusions, as to which no answer is required.

26.     Defendants admit that at least one of the Defendants resides in this District and that all Defendants reside in this State, within the meaning of 18 U.S.C. § 1391.  Defendants otherwise deny the allegations contained in paragraph 26 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

27.     Defendants deny that they conduct business "throughout this district" and that any of them has "violated the law in this district in the manner alleged in [the] Complaint." Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

### FACTS

28.     Defendants admit that they transact (or in the case of Fairway Operating Corp., Fairway Central Services Corp. Fairway Brooklyn, LLC and Fairway Plainview, LLC, transacted) business in the United States, that at least some of them accept or accepted certain credit cards and debit cards in the course of transacting business, and use or used machines that electronically print receipts for credit card and debit card transactions.  Defendants otherwise deny the allegations contained in paragraph 28 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and on that basis denies such

5

allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

31. Paragraph 31 of the Complaint alleges legal conclusions, as to which no answer is required.

32. Paragraph 32 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Defendants are alleged in paragraph 32, Defendants deny such allegations, except that Defendants admit that similar point of sale computer systems are in service in each of the Fairway Market retail stores.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint relating to entities other than Defendants, and on that basis denies such allegations. To the extent facts pertaining to Defendants are alleged in paragraph 34, Defendants deny such allegations.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint relating to entities other than Defendants, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions as to which no answer is required. To the extent facts pertaining to Defendants are alleged in paragraph 35, Defendants deny such allegations.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

## CLASS ALLEGATIONS

37. Paragraph 37 of the Complaint alleges legal conclusions, as to which no answer is required. Defendants deny that this action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1)-23(b)(3).

38. Paragraph 38 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Defendants are alleged in paragraph 38, Defendants deny those allegations.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

44. Defendants deny that any of them has provided receipts in violation of 15 U.S.C. § 1681c(g). With regard to the remaining allegations in paragraph 44, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

## FIRST CAUSE OF ACTION

50. Defendants repeat and reallege each and every statement, averment, denial and admission contained in paragraphs 1 to 49 hereof, with the same force and effect as if fully set forth herein.

51. Defendants admit that at certain relevant time periods receipts were printed at Fairway Markets that included expiration dates on some receipts. Defendants otherwise deny the allegations contained in paragraph 51 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Defendants are alleged in paragraph 55, Defendants deny such allegations. Defendants deny that Plaintiffs are entitled to the relief described in paragraph 55.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

56. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

57. The statutory damages that Plaintiffs seek would be disproportionate to the harm alleged or suffered by Plaintiffs and excessive and would violate Defendants' rights under the due process clauses of the United States and applicable state Constitutions.

### THIRD AFFIRMATIVE DEFENSE

58. The claim for punitive damages is barred because any award of punitive damages in this case would violate Defendants' constitutional rights under provisions of the United States Constitution and applicable state Constitutions.

### FOURTH AFFIRMATIVE DEFENSE

59. Defendants' actions were done innocently and Defendants did not act "willfully" as required by 15 U.S.C. § 1681n(a), as a matter of law, because ambiguity in the statutory language renders it incapable of willful violation.

### FIFTH AFFIRMATIVE DEFENSE

60. The Complaint, and the purported cause of action alleged therein, is barred, in whole or in part, because Plaintiffs and any purported class members have not suffered any injury, nor do they allege that they have, by reason of any act or omission alleged in the Complaint to have been committed by Defendants.

### SIXTH AFFIRMATIVE DEFENSE

61. The Complaint, and each purported count alleged therein, is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

62. To the extent that the Complaint seeks relief for conduct of Defendants occurring before two years prior to the commencement of this action, such relief would be barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

63.     Defendants' alleged conduct was fair and reasonable, was performed in good faith and was justified based on all relevant facts and laws known to Defendants at the time.

**NINTH AFFIRMATIVE DEFENSE**

64.     To the extent the statute upon which the Complaint purports to be based, 15 U.S.C. § 1681c(g), has been violated, any such violation was caused in whole or in part by the acts, wrongs, or omissions of other persons, entities, preexisting conditions, forces, and/or things over which Defendants had no control and for which Defendants are not responsible.

**TENTH AFFIRMATIVE DEFENSE**

65.     To the extent that Plaintiffs have suffered any harm, such harm was caused in whole or in part by Plaintiffs and/or by third-parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

66.     The claim for injunctive relief is barred because injunctive relief under the Fair Credit Reporting Act and the amendments thereto is not available to private litigants.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety, together with the costs, disbursements and expenses of this action including attorneys' fees, as well as such other, further, and different relief as to this Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all claims and causes of action to which it is entitled to a jury trial.

Respectfully submitted,

Dated: October 31, 2007

HUGHES HUBBARD & REED LLP

By: _____/s/ Jeff H. Galloway_____
      Jeff H. Galloway
      galloway@hugheshubbard.com
Amera Z. Chowhan
chowhan@hugheshubbard.com
Attorneys for Defendants
One Battery Park Plaza
New York, New York 10004
      (212) 837-6000

## **CERTIFICATE OF SERVICE**

       I, Jeff H. Galloway, do hereby certify that I am over the age of 18 and not a party to this action and that on the 31st day of October, 2007, I did cause to be served a true and correct copy of Defendants' Answer via electronic filing on:

| | |
|---|---|
| PETROFF & BELLIN, LLP | BROMBERG LAW OFFICE, P.C. |
| Aytan Y. Bellin | Brian L. Bromberg |
| aytan.bellin@pbelderlaw.com | brian@bromberglawoffice.com |
| 60 East 42nd Street, Suite 1026 | 40 Exchange Place, Suite 2010 |
| New York, NY 10165 | New York, New York 10005 |
| (212) 962-2400 | (212) 248-7906 |

       I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York, this 31st day of October, 2007.

                                                              /s/ Jeff H. Galloway