UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| JAN KAUFMAN and ELLIOT GRUBMAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> FAIRWAY OPERATING CORP., FAIRWAY CENTRAL SERVICES CORP., FAIRWAY GROUP HOLDINGS CORP., FAIRWAY GROUP CENTRAL SERVICES LLC, FAIRWAY UPTOWN LLC, FAIRWAY BROADWAY LLC, FAIRWAY RED HOOK LLC, FAIRWAY BROOKLYN, LLC, FAIRWAY GROUP PLAINVIEW LLC, FAIRWAY PLAINVIEW, LLC, FAIRWAY GROUP ACQUISITION COMPANY, <br><br> Defendants. | 07 Civ. 7525 (BSJ) (GWG) <br><br> ~~Proposed~~ Scheduling Order  |

This Civil Case Management Plan, submitted in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, is adopted as the scheduling Order of this Court in accordance with Rule 16(f) of the Federal Rules of Civil Procedure.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26, Plaintiffs Jan Kaufman and Elliot Grubman ("Plaintiffs") and Defendants Fairway Operating Corp., Fairway Central Services Corp., Fairway Group Holdings Corp., Fairway Group Central Services LLC, Fairway Uptown LLC, Fairway Broadway LLC, Fairway Red Hook LLC, Fairway Brooklyn, LLC, Fairway Group Plainview LLC, Fairway Plainview, LLC, and Fairway Group Acquisition Company ("Defendants") jointly submit this Proposed Scheduling Order.

1. **Scheduling Conference Appearances**

At a scheduling conference held before the Honorable Magistrate Judge Gabriel W. Gorenstein, on January 10, 2008, at 10:15 a. m. in Courtroom 17-A, United States Courthourse, 500 Peral Street, New York, New York:

Appearing for Plaintiffs:

Brian L. Bromberg, Esq.
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
(212) 248-7906

Appearing for Defendants:

Jeff H. Galloway, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6629

2. **Concise Statement of the Issues as They Now Appear**

Plaintiff brings this proposed nationwide class action raising a single claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and 15 U.S.C. § 1681c(g), a provision of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which is part of the FCRA. Section 1681c(g), enacted on December 4, 2003, provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Plaintiff alleges that since January 1, 2005, Defendants printed the expiration date and/or more than the last five digits of his credit card or debit card number on electronically-printed receipts provided at the point of sale ("POS") in transactions between Defendants and Plaintiff and the class members Plaintiffs seeks to represent. Plaintiffs

contends this conduct was in willful violation of the Fair Credit Reporting Act, entitling Plaintiffs and the class to statutory damages, punitive damages and attorney's fees pursuant to 15 U.S.C. section 1681n.

Defendants deny liability and assert that this action is not appropriate for class action treatment. Defendants answered the Complaint on October 31, 2007.

3. **Schedule**

a. Deadline by which the parties may move to amend the pleadings or join any other parties: February 11, 2008;

b. Initial document requests shall be served by: January 31, 2008;

c. Initial interrogatories shall be served by: February 11, 2008;

d. Non-expert depositions shall be completed by: July 28, 2008;

e. All non-expert discovery shall be completed by: September 15, 2008;

f. Plaintiffs' expert disclosure and report shall be served by: November 14, 2008;

g. Defendants' expert disclosure and report shall be served by: January 15, 2009;

h. Expert depositions shall be completed by: February 27, 2009;

i. Pretrial motions shall be filed no later than: April 15, 2009.

4. **Discovery Limitations**

The parties intend to present a proposed agreed confidentiality order to the Court.

5. **Discovery Issues as to which the Parties, After a Good Faith Effort, Have Been Unable to Reach an Agreement**

None yet.

6. **Anticipated Fields of Expert Discovery**

Plaintiff anticipates introducing expert testimony on the following subjects:_____

———.

Defendant anticipates introducing expert testimony on the following subjects: practices and procedures regarding credit card payment systems and measures taken to protect cardholders from identity theft and from disclosure of personal information; the risk of harm (or lack thereof) attendant to disclosure of certain classes of cardholder information.

7. **Anticipated Length of Trial and Whether, and by Whom, a Jury Has Been Requested.**

The parties estimate that the trial of this matter will require five days. A jury has been demanded by both Plaintiffs and Defendants.

8. **Settlement Discussions**

   a. Approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions: _____
   _____

   b. Do the parties wish to discuss settlement at such time under the supervision of a private mediator, a mediator from the SDNY Mediation Program, or the undersigned? _____
   _____



60149391_1.doc

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

Dated: January 10, 2008

Respectfully submitted,

BROMBERG LAW OFFICE, P.C.

By:_____
    Brian L. Bromberg
    brian@bromberglawoffice.com
40 Exchange Place, Suite 2010
New York, New York 10005
(212) 248-7906

PETROFF & BELLIN LLP
Aytan Y. Bellin
60 East 42nd Street, Suite 1026
New York, New York 10165
(212) 962-2400

                HUGHES HUBBARD & REED LLP

                By: _____/s/ Jeff H. Galloway_____
                      Jeff H. Galloway
                      galloway@hugheshubbard.com
                Amera Z. Chowhan
                chowhan@hugheshubbard.com
                Attorneys for Defendants
                One Battery Park Plaza
                New York, New York 10004
                          (212) 837-6000

SO ORDERED: _____
                              USMJ

DATED: _____1/10/2008_____